ALFRED S. WRIGHT et al., complainants-respondents,

*v.*

AMERICAN FINANCE AND SECURITIES COMPANY, defendant-. appellant.

[Argued June 29th, 1915.    Decided November 15th, 1915.]

A corporation in default to the state for four years' taxes amounting to $16,000 and for unpaid office rent $3,800, owing money borrowed to meet current expenses $4,000, and a further legal obligation of $8,000, properly *Held* insolvent and a receiver properly appointed when it appeared that it had no credit and its available assets were $1,200 in cash and securities of other companies, apparently unavailable on the market for either sale or pledge.

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Backes, whose opinion is reported in *84 N. J. Eq. 415.*

*Mr. J. Fithian Tatem,* for the appellant.

*Mr. Scott Scammell,* for the respondents.

The opinion of the court was delivered by

PARKER, J.

The appeal is from a decree adjudging that the defendant company is insolvent and is not able to resume business in a short time with safety to the public and advantage to its stockholders; awarding an injunction and appointing a prominent receiver. The salient facts are fully stated in the opinion of the learned vice-chancellor, *ubi supra,* and need not be repeated, except so far as is appropriate to our view of the case.

The vice-chancellor rested his finding of insolvency in large measure on the theory that the instruments, in writing, issued by the company and put on the market, denominated "special contract bond" represented obligations which, to use his own language, must be taken into the reckoning in determining whether the corporation was insolvent. We have found it unnecessary to deal with this phase of the case, because we conclude that the company was insolvent, in the sense intended by our Corporation act, and the decisions thereunder, apart from any liability on these so-called bonds. This will appear by the following figures taken from the opinion below (*93 Atl. Rep. 866;* *84 N. J. Eq. 415*) and admitted in the brief of counsel:

| | |
|---|---:|
| Liabilities—unpaid taxes | $16,000.00 |
| Unpaid office rent | 3,800.00 |
| Findley College, agreement to redeem Empire Lumber Co. bond for | 8,000.00 |
| Note to raise money for current expenses | 4,000.00 |
| Total liabilities | $31,800.00 |
| Assets—cash | 1,200.00 |

This is all the assets actually in sight. Two further claims are made, first, that the Guanajuato bonds not already hypothecated, $92,500, and $10,000 hypothecated to secure the above note, can be sold at fifty per cent.; secondly, that $11,000 of Empire Lumber Company bonds now held by Findlay College

and to be redeemed at $8,000 will be salable at eighty per cent. We think neither claim is substantiated. On the contrary, it appears, as stated in the opinion below, that the Guanajuato bonds are not salable in open market at any price on account of conditions in Mexico, and the company must look to one individual, already deeply involved in its securities, who would take them, if at all, only on certain conditions. Under such circumstances, it verges on the absurd to call these bonds "quick assets," as claimed by defendant. As to the Empire bonds, they are not the property of the company, and will not be until the $8,000 due to Findlay College is paid. If they are salable readily at eighty, as claimed, that college would no doubt prefer to realize the extra $800 for itself. Plainly, they are not salable.

The company is therefore in this condition: It has no credit; it cannot pay its state taxes and is several years in default; it is likewise in default for office rent, and has pledged its securities to keep going. If the Empire bonds be offset against the claim of Findlay College, there remain the pressing items of taxes, rent and bills payable, amounting to $23,800, to pay which there is only $1,200 in cash and some bonds of a Mexican mining company, on which interest is defaulted and which are not salable or available for pledge on the market, and whose ultimate value is most problematical.

Insolvency, as understood by our courts in matters of this kind, is a general inability to meet pecuniary obligations as they mature, by means of either available assets or an honest use of credit. *Trust Company* v. *Trustees, 67 N. J. Eq. 602, 604.*

Such a condition has been shown to exist in this case beyond all peradventure. The decree of the court of chancery was fully justified by the evidence even on the narrower ground adopted by us, and it will therefore be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR—15.

*For reversal*—None.